UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNCOAST COUNTRY CLUBS, INC., et al.,

    Plaintiffs,

v.                                      CASE NO: 8:06-cv-1238-T-23MSS

UNITED STATES FIRE INSURANCE CO.,

    Defendant.

_____/

**ORDER**

    Suncoast Country Clubs, Inc., and James R. Mikes ("the plaintiffs") sued United States Fire Insurance Company ("the defendant") in state court for breach of contract and bad faith (Doc. 2). Asserting diversity jurisdiction under 28 U.S.C. § 1332(a), the defendant removes (Doc. 1) this action. The plaintiffs move to remand (Doc. 5) and argue, *inter alia*, that the defendant's removal is defective because 28 U.S.C. § 1446(b) prohibits removal more than one year after commencement of the action. In response, the defendant argues that the amended supplemental complaint constitutes a "completely new lawsuit" against the defendant, "albeit under the old case number" (Doc. 8).

    Pursuant to 28 U.S.C. § 1446(b), "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." The state court action was initiated by the plaintiffs against the

defendant's insureds on August 3, 1998. In December, 2005, the plaintiffs settled their claims with the insureds and subsequently obtained leave to join the defendant pursuant to Section 627.4136, Florida Statutes ("Florida's Direct Action Statute").[1] Contrary to the defendant's argument, the subsequent joinder of an insurer for the purpose of a state court "direct action" is bound by the one-year deadline under 28 U.S.C. § 1446. Price v. Messer, 872 F.Supp. 317 (S.D. W.Va. 1995); Mize v. Amercraft Corporation, 874 F. Supp. 356 (M.D. Ala 1994).[2]

The Eleventh Circuit has urged district courts to heed the "bright line limitations on federal removal jurisdiction" as "an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove." Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001). In a diversity case, "comity requires federal courts to allow state courts to proceed with their cases unless those cases are clearly and unequivocally removable." Smith v. MBL Life Assurance Corp., 727 F.Supp. 601, 603 (N.D. Ala. 1989). Because a federal court enjoys limited jurisdiction, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).

---

[1] Florida's Direct Action Statute provides that "[a]t the time a judgment is entered or a settlement is reached during the pendency of litigation, a liability insurer may be joined as a party defendant for the purposes of entering final judgment or enforcing the settlement by motion of any party."

[2] Because an order remanding a case under 28 U.S.C. § 1447(c) is not reviewable on appeal, circuit courts rarely address procedural defects in removal. See In re Ocean Marine Mut. Prot. and Indem. Ass'n., Ltd., 3 F.3d 353, 355 (11th Cir. 1993) (holding that "a remand order based on a timely § 1447(c) motion to remand for defects in removal procedure is unreviewable pursuant to § 1447(d)").

Accordingly, the plaintiff's motion to remand (Doc. 5) is **GRANTED** and this action is **REMANDED** pursuant to 28 U.S.C. § 1447(c).  The plaintiffs' request for attorney fees is **DENIED**.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on August 31, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE